UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHARLES HORTON,

                              Petitioner,

       -vs-                           **No. 1:15-CV-01023(MAT)**
                                              **DECISION AND ORDER**
MONICA RECKTENWALD,

                              Respondent.

---

## I. Introduction

Proceeding *pro se*, Charles Horton ("Petitioner") has filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. At the time he filed the instant Petition, Petitioner was incarcerated pursuant to a Federal criminal conviction at Federal Correctional Institution ("FCI") McKean, in Bradford, Pennsylvania. Accordingly, he named Warden Monica Recktenwald as the Respondent in this action. However, the Petition challenges a judgment entered against him in New York State Supreme Court, Erie County (Tills, A.J.), more than 17 years ago, after he pled guilty to sexual abuse and weapons-possession charges. The Erie County District Attorney's Office therefore answered the Petition.

For the reasons discussed herein, the Petition is dismissed.

## II. Factual Background and Procedural History

On July 31, 2000, under Erie County File No. 99-1628-001, Petitioner entered a counseled guilty plea to Sexual Abuse in the First Degree (N.Y. Penal Law § 130.65(1)). Also on that date, Petitioner pleaded guilty to Criminal Possession of a Weapon in the

Third Degree (N.Y. Penal Law § 265.02(4)), under Erie County File No. 99-2081-011. On September 8, 2000, Petitioner was sentenced to concurrent terms of two years' imprisonment on each conviction, plus a mandatory period of post-release supervision ("PRS"). Petitioner did not take appeals from either conviction.

Between the time of his conviction and the filing of the Petition, Petitioner filed several *pro se* motions to vacate the judgment pursuant to N.Y. Criminal Procedure Law ("C.P.L.") § 440.10 in Erie County Supreme Court, the most recent of which was filed on October 31, 2014. Petitioner argued that his plea was involuntary because he was not advised of the mandatory PRS term, that trial counsel was ineffective in failing to advise him about the PRS term, and that he was entitled to DNA testing to prove that he could not have committed the sexual abuse offense to which he pled guilty. On February 4, 2015, Erie County Supreme Court (Boller, A.J.) denied the motion without a hearing. On March 6, 2015, Petitioner filed a timely notice of appeal in the Appellate Division, Fourth Department, of New York State Supreme Court ("the Fourth Department"). On May 27, 2015, the Fourth Department denied Petitioner's leave application.

On November 11, 2015, Petitioner filed the instant request for habeas relief, asserting the same grounds raised in the 2014 C.P.L. § 440.10 motion. Petitioner also filed a motion for appointment of counsel. In its answer to the Petition, the Erie County District

Attorney's Office that the Petition is untimely, and that Petitioner has failed to fulfill the "in custody" requirement of the Federal habeas statute. Petitioner did not file a traverse.

**III. Discussion**

    **A.    Timeliness**

Respondent argues that the Petition is untimely because it was filed well past the expiration date of the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1), and Petitioner is not entitled to statutory or equitable tolling. Respondent's timeliness argument is incomplete inasmuch as Respondent has ignored the existence of more than one C.P.L. § 440.10 motions filed by Petitioner between 2000 and 2014. This information is apparent from the face of the Petition and the attached order issued by Acting Justice Boller denying Petitioner's 2014 C.P.L. § 440.10 motion. These motions would have given rise to periods of statutory tolling under 28 U.S.C. § 2244(d)(2). Therefore, Respondent's argument, as presented to the Court, cannot serve as a basis for dismissing the Petition.

    **B.    The "In Custody" Requirement**

The law is clearly settled that a writ of habeas corpus may only be issued where a petitioner is "in custody" at the time the petition is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) ("The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only

from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'") (quoting 28 U.S.C. § 2241(c)(3); citing 28 U.S.C. § 2254(a)) (emphasis in original). Thus, "[t]he first showing a §2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" *Lackawanna Cnty. Dist. Att'y v. Coss,* 532 U.S. 394, 401 (2001) (quoting 28 U.S.C. §2254(a)). The petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006) (quoting *Maleng*, 490 U.S. at 490-91). Once the petitioner is no longer serving a sentence on a particular conviction, he cannot bring a federal habeas petition directed solely at that conviction. *Coss*, 532 U.S. at 401.

Petitioner was convicted in Erie County Supreme Court in 2000, and sentenced to a maximum term of two years' imprisonment plus a mandatory term of PRS, which, by statute, could not exceed five years. Petitioner, however, did not file the instant Petition until 2015, well after his sentence on the Erie County Supreme Court convictions had fully expired. Although Petitioner is currently incarcerated, it is pursuant to a wholly separate Federal criminal conviction. Because Petitioner was not "in custody" pursuant to the 2000 Erie County Supreme Court convictions that the Petition challenges, at at the time he filed the Petition in 2015, he is not "in custody" for purposes of obtaining habeas review of his Erie

County Supreme Court convictions. *See Coss*, 532 U.S. at 403-04 ("Coss is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions.") (citing *Maleng*, 490 U.S. at 493-94)). Following the reasoning of *Coss*, because Petitioner is no longer serving the sentence imposed pursuant to his Erie County Supreme Court convictions, he cannot bring a federal habeas petition directed solely at those convictions. *Accord, e.g., Ellis v. Dretke*, 456 F. Supp.2d 421, 423-24 (W.D.N.Y. 2006) (citing *Coss*, 532 U.S. at 401).

Moreover, unlike the petitions in *Maleng* and *Coss*, the Petition here cannot be construed as asserting a challenge to the current Federal sentence Petitioner is serving. *Contrast with Coss*, 532 U.S. at 401 (holding that defendant Coss satisfied the "in custody" requirement of 28 U.S.C. § 2254 because his petition could be construed as asserting a challenge to his current sentence, as enhanced by the allegedly invalid prior expired conviction) (citing *Maleng,* 490 U.S. at 493-94) (internal citations omitted). The Petition only raises claims relating to the Erie County Supreme Court convictions for criminal possession of a weapon and sexual abuse, and to the Erie County Supreme Court's alleged mishandling of his 2014 C.P.L. § 440.10 motion. Thus, the Court concludes that it does not have jurisdiction to hear the claims asserted in the pending Petition. *See Ellis*, 456 F. Supp.2d at 424.

**IV. Conclusion**

For the foregoing reasons, the Petition is dismissed with prejudice. Petitioner's Motion for Appointment of Counsel is denied with prejudice because he has failed to make the required threshold showing of potentially meritorious claims. Petitioner's Motion for an Extension of Time to File a Motion for Appointment of Counsel is denied as moot.

Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____
  HON. MICHAEL A. TELESCA
United States District Judge

Dated: October 30, 2017
       Rochester, New York.